IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

STEVEN C. HEATON,

                Plaintiff,

vs.

LOUIS DEJOY, Postmaster General,
United States Postal Service,

                Defendant.

8:23-CV-112

MEMORANDUM AND ORDER

This matter comes before the Court on the defendant's motion to dismiss the *pro se* plaintiff's complaint. Filing 8. The plaintiff asserts that the defendant violated his rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, federal civil rights laws, and his union contract. He also alleges a criminal conspiracy. The defendant, Louis DeJoy, Postmaster General for the United States Postal Service, argues that the plaintiff, Steven C. Heaton, has failed to state a claim for which this Court can grant relief. The motion will be granted.

## I. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the Court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party, *Gallagher v. City of Clayton*, 699

F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

Because the plaintiff is proceeding *pro se*, the Court will liberally construe his pleadings and view the facts in the light most favorable to him. *See Topchian v. J.P. Morgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)).

## II. BACKGROUND

The plaintiff works for the United States Postal Service as an electronic technician. *See* filing 1 at 2. He has worked for the postal service since 1996. *See* filing 1 at 8. He alleges that he is currently a member of the "NRP EEO Class Action." Filing 1 at 2. The plaintiff appears to be referencing the National Reassessment Process class action, wherein the postal service is alleged to have illegally terminated disabled employees nationwide. *See Desai v. DeJoy*, No. 1:22-cv-846, 2023 WL 3550103, at *10 (E.D. Va. May 18, 2023) (citing *McConnell v. Potter*, EEOC Appeal No. 0720080054, 2010 WL 332083 (EEOC Jan. 14, 2010)). The class action was certified in 2008 and was resolved in 2010, though the damages for class members are still pending. *See id.*; http://nrpclassaction.com.

In early 2021, the plaintiff was awarded a bid to work in the "Omaha MCA" facility. Filing 12 at 2. He had been working at the "Main Office." Filing 1 at 4. He applied for the Omaha MCA position because another employee in the Main Office would play "insane little ego game[s]" with the plaintiff, and the plaintiff felt he was in a hostile work environment. *See* filing 1 at 3. The

Omaha MCA facility came with a ten percent reduction in pay, but the plaintiff wanted to take the lower pay to avoid his coworkers in the Main Office.

On July 24, 2021, the government reassigned him from the Omaha MCA facility back to the Main Office. *See* filing 1 at 3; filing 12 at 2. He did not want to work at the Main Office. The plaintiff alleges that other employees are able to choose their preferred facility in which the work, but "he alone" was "forced" to work at the Main Office. Filing 1 at 6.

The plaintiff was on sick leave beginning in late June 2021, due to a cancer scare. *See* filing 12 at 2. He received "his notice of FMLA protection" on July 25, 2021, the day after he was reassigned to the Main Office. *Id.* It appears the plaintiff is claiming that he was reassigned to the Main Office from the Omaha MCA office because he took FMLA leave. *See* filing 12 at 2; filing 1 at 4-5. He also alleges that the "escalation of harassment and hostile work environment magnified the difficulties of going through [his] cancer scare and the remaining cancer screenings inhumanely." Filing 12 at 2.

## III. DISCUSSION

The plaintiff makes several claims for relief: a violation of his union contract, criminal allegations, and violations of civil rights legislation and the FMLA. His union contract and criminal complaints are without merit. First, his contract provides the ways to challenge an employer's violation, and this Court cannot hear his claim. *E.g.*, *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004). And the criminal allegation must be dismissed because the plaintiff does not have standing to bring such a claim. *E.g., Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

The plaintiff asserts that he was retaliated against and subject to disparate treatment because he took protected "EEO activity" and was named

3

in "one or more EEO actions." Filing 1 at 2. He also appears to allege that he was retaliated against for taking FMLA leave. *See* filing 12 at 2-3. To support a claim for retaliation under federal civil rights laws and the FMLA, the plaintiff must allege facts which would indicate that he engaged in a statutorily protected activity, he suffered an adverse action, and a causal connection between the activity and the action. *E.g., Turner v. Mull*, 784 F.3d 485, 493 (8th Cir. 2015); *Wages v. Stuart Mgmt. Corp.*, 798 F.3d 675, 680 (8th Cir. 2015).

### (a) Statutorily Protected Activity

Taking or requesting FMLA leave is a protected action. 29 U.S.C. § 2612(a)(1). And the "EEO Act," commonly referred to as Title VII, is intended to eradicate discrimination based on race, color, religion, sex, or national origin. *See Chandler v. Roudebush*, 425 U.S. 840, 841, 96 S. Ct. 1949, 1950 (1976); 42 U.S.C. § 2000e-2(a). None of the plaintiff's allegations indicate that the government retaliated against him based on a protected action under Title VII. Rather, his participation in the NRP Class Action would support that he took a protected action under the Americans with Disabilities Act. *See* 42 U.S.C. § 12203(a); *Loos v. Napolitano*, 665 F. Supp. 2d 1054, 1057 (D. Neb. 2009). The plaintiff has also filed a number of lawsuits against the government involving contract grievances and unclear allegations of employment discrimination, *see* case nos. 4:00-cv-518; 8:00-cv-361; 8:04-cv-213; 8:06-cv-002. However, from the facts alleged, the Court cannot specifically identify what "protected action" under Title VII or the ADA that the plaintiff is alleging, other than his participation in the NRP Class Action.

(b) Adverse Employment Action

The plaintiff appears to allege two adverse employment actions: the reassignment to the Main Office in contravention of his union contract, and a hostile work environment. He has not supported either of his positions.

A "transfer involving only minor changes in working conditions and no reduction in pay or benefits" is not adverse. *Spears v. Mo. Dep't of Corr. & Human Res.*, 210 F.3d 850, 854 (8th Cir. 2000). Where there is no allegation that the transfer had an adverse impact on title, salary, benefits, or any other material aspect of employment, the transfer is merely an inconvenience and not actionable. *Id.* at 853-54. The plaintiff's claim that he suffered an adverse employment action when he was transferred from the MCA Omaha facility to the Main Office is insufficient as a matter of law to be an adverse employment action. The plaintiff's allegation that the government violated his union contract is subject to the grievance procedure set forth in that contract, and is not relevant to whether the plaintiff was a victim of retaliation. *E.g.*, *Waldron*, 388 F.3d at 593.

Additionally, the plaintiff's allegations are insufficient as a matter of law to support a claim for a retaliatory hostile work environment. A hostile work environment exists where a person is subject to unwelcome harassment that affects a term, condition, or privilege of employment. *E.g., Kelleher v. Wal-Mart Stores, Inc.*, 817 F.3d 624, 634 (8th Cir. 2016). Courts look to the "totality of the circumstances, including the frequency and severity of the discriminatory conduct, whether such conduct was physically threatening or humiliating, as opposed to a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's work performance." *Alvarez v. Des Moines Bolt Supply, Inc.,* 626 F.3d 410, 420 (8th Cir. 2010); *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 921-22 (8th Cir. 2018).

5

The plaintiff's allegations do not meet the Eighth Circuit's demanding standard. The alleged harassment he suffered was not severe, infrequent, and not physically threatening or humiliating. The plaintiff alleges that he voluntarily reduced his pay because of his coworkers' behavior, but the totality of the circumstances do not establish a hostile work environment under any civil rights laws.

Because the plaintiff has not alleged an adverse action under the FMLA or the ADA, the Court need not address whether he has, at this point, alleged a causal link between the government's conduct and his protected action.

## IV. CONCLUSION

The plaintiff's complaint and subsequent filings show his frustration with his employer's actions in 2008 and 2009. *See* filing 12 at 1; filing 10 at 4. He references the NRP Class Action and the victims of discrimination who participated in that lawsuit. But such allegations are too remote in time and are not relevant to the allegedly poor treatment that the plaintiff received in 2021 and 2022. The plaintiff may pursue his claim that the government violated his union contract in the appropriate forum—which is not this Court.

Accordingly,

IT IS ORDERED:

1.    The defendant's motion to dismiss (filing 8) is granted.

2.    The plaintiff's motion to deny the defendant's motion (filing 10) is denied.

3.    The plaintiff's complaint is dismissed.

6

4.     A separate judgment will be entered.

Dated this 29th day of March, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge